# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCHUTZA,<br><br>                    Plaintiff,<br>    vs.<br>EL CAJON PROPERTIES, LLC,<br><br>                    Defendant. | CASE NO. 14cv2728-LAB (DHB)<br><br>**ORDER OF DISMISSAL** |

Plaintiff Scott Schutza filed his complaint on November 18, 2014, bringing claims under the Americans with Disabilities Act (ADA) and supplemental state-law claims. The Court is obligated to confirm its own jurisdiction, sua sponte if necessary, and to dismiss the complaint if jurisdiction is lacking. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir.2011) (en banc). The complaint must plead facts, not merely conclusions, to invoke Court's jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing Fed. R. Civ. P. 8(a)(1); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); and *Ashcroft v. Iqbal*, 556 U.S. 663 (2009)).

Here, Schutza has failed to allege facts showing he has standing to bring his ADA claim. Furthermore, because the only remedy available to Schutza under the ADA is injunctive relief, *see Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002), if injunctive relief is unavailable or would be ineffective, the ADA claim is moot. If the Court lacks jurisdiction over his federal claim, it cannot exercise jurisdiction over supplemental state claims.

The complaint adequately alleges that Schutza is disabled, that he found the parking lot non-compliant with the ADA when he visited, and that he would like to return. But beyond alleging the parking lot "caused him difficulty" (Compl., ¶ 11), he never says how the ADA violation harmed him or will harm him, or how it is deterring him from returning. Furthermore, he never alleges facts showing how injunctive relief would be of help to him. For example, if the Court ordered Defendants to correct all the conditions he identifies, it is still unknown whether he would get any relief.

Schutza's counsel has been cautioned about the necessity of pleading facts to establish jurisdiction. (See *Langer v. Wisham*, 14cv1857-LAB (KSC), Docket no. 5 (Order to Show Cause re: Jurisdiction); *Langer v. Shamoun*, 14cv1822-LAB (BLM), Docket no. 7 (Order to Show Cause re: jurisdiction; *Langer v. Velasquez*, 14cv1822-LAB (BLM), Docket no. 7 (Order to Show Cause re: Jursidction).) Schutza's counsel has had at least one of his complaints dismissed before for similar defects. *(See Schutza v. PS Orangeco*, 14cv2086-LAB (NLS), Docket no. 5 (Order of Dismissal).) And Schutza himself has pleaded such facts before. (See, e.g., *Schutza v. Estudillo*, 14cv1653-LAB (NLS), Complaint, ¶ 10 (alleging that the slope of parking spaces caused Schutza's wheelchair to roll down the hill when he parked there).) Because both Schutza and his counsel are aware of this requirement and have not complied with it, dismissal rather than an order to show cause is appropriate.

This action is therefore **DISMISSED WITHOUT PREJUDICE**. Plaintiff may, if he wishes, file an amended complaint by **December 3, 2014**, showing why the Court has jurisdiction over this action. If he fails to amend within the time permitted, this action will be dismissed without leave to amend.

**IT IS SO ORDERED**.

DATED: November 21, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge